[Crim. No. 5416. Second Dist., Div. Three. Nov. 9, 1955.]

THE PEOPLE, Respondent, v. CHEW DOON CHAN, Appellant.

*Assigned by Chairman of Judicial Council.

Gladys Towles Root for Appellant.

Edmund G. Brown, Attorney General, and James D. Loebl, Deputy Attorney General, for Respondent.

SHINN, P. J.—Chew Doon Chan was accused of four violations of section 266h, Penal Code (pimping), in that he did on four separate dates live and derive support and maintenance, in whole or in part, from the earnings of Patricia Louise Grow as a prostitute and solicited and received compensation therefor from her. It was alleged that he had previously been convicted and had served a term of imprisonment for the crime of receiving and transporting opium. He was convicted on all counts and the court found that he had not suffered the alleged prior conviction. Motion for new trial and application for probation were denied and sentences were imposed to run concurrently with each other. The appeal is from the judgments and the order denying motion for new trial. The grounds of appeal are errors of law and insufficiency of the evidence.

The claim of insufficiency of the evidence does not require extended discussion. The opening brief of the appellant contains a statement of the testimony of the prosecutrix. A summary of that testimony as related by defendant clearly

shows that the witness testified to facts constituting the elements of the offenses. She testified that she had come from San Francisco with one Caliva; she met appellant and he suggested her going to work for him as a prostitute; they picked up another girl named "Kitty" and went to defendant's home; they discussed the prices for prostitution; they went to a hotel and later Chan took the girls to a motel on July 22. Thereafter prosecutrix worked as a prostitute for defendant until August 11; she earned as a prostitute and turned over to defendant $504 and received back from him $252; each time she paid him money defendant would make a notation on a card and in a telephone memorandum book; Kitty worked with her during all this time. Later prosecutrix asked to be taken into custody by the police because of her fear of defendant. Another witness testified that in September he had a conversation with Chan concerning Miss Grow in which Chan mentioned that he wanted to put Miss Grow to work as a prostitute outside of town and wished the witness to supervise her work. The People introduced in evidence a book taken from defendant's premises at the time he was arrested. A Chinese-English interpreter testified that there were 10 entries in the book in symbols, each consisting of a date in July and an amount of money; these totaled $504 and there was another entry "$252." On another page there were eight entries of sums of money under dates August 1 to August 10. There was testimony that when an officer took the book defendant said it was a grocery list. Defendant admitted knowing the prosecutrix, admitted having discussed prostitution with her, and asserted that she asked him to solicit for her and that he refused. He also admitted having rented quarters in the motel. He was an itinerant waiter and cook in Chinese restaurants. There was no evidence that his earnings in that employment were adequate for the support of his family. It was a reasonable inference that he derived support and maintenance, in part, from the girl's earnings. So much the worse for him if he engaged in pimping free from the urge of extreme financial distress. Although there was no direct evidence of solicitation by defendant, the circumstantial evidence was such as to create a strong inference that the men who visited prosecutrix were sent to her by the defendant. There is no merit whatever in the claim of insufficiency of the evidence to prove the offenses charged.

■ During the direct examination of the prosecutrix

there were produced by the defendant two letters written by the prosecutrix, one to the defendant apologizing for having made charges against him and the other to a Los Angeles policeman stating that the testimony she had given at the preliminary examination was untrue. Defendant objected to the introduction of the letter to the policeman; the objection was overruled and the ruling is assigned as error. Defendant argued that the letter was introduced to impeach the witness without any showing of surprise on the part of the prosecution. It was also argued that the letter was offered to rehabilitate the testimony of the witness, and that whatever the purpose the procedure was irregular and prejudicial. The letter was not offered either to impeach or rehabilitate the testimony of the witness. Anticipating that the defendant would introduce the letters in cross-examination, the People offered them in order to give the witness an opportunity to explain her motive in writing them. Ordinarily the defendant would have produced the letters in the course of cross-examination and upon redirect examination the witness would have been permitted to state her reasons for writing them. Inasmuch as the letters were contradictory of her testimony at the trial and were favorable to the defendant we do not see that the defendant suffered any prejudice through being deprived of the opportunty to use the letters in the course of the cross-examination. Moreover, the letters themselves took on added significance favorable to the defendant from the fact that the witness testified that she wrote them merely as a favor to defendant and not as a result of any other inducement. Defendant was accorded a fair trial and his appeal is without merit.

The judgments and order are affirmed.

Wood (Parker), J., and Nourse (Paul), J. pro tem.,* concurred.

---

*Assigned by Chairman of Judicial Council.